ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
DEC 19 2013
at 12 o'clock and 50 min P M.
SUE BEITIA, CLERK

William T. Rhodes

111 Heliki Street Suite A, No 394

Kailua, HI 96734

Telephone: (503) 490-5083

Email: rhodesbill@yahoo.com

Plaintiff *pro se*

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| William T. Rhodes,<br><br>　　　Plaintiff,<br><br>Vs<br><br>Sylvianne Young, Young Properties Inc, Donald Porter, Mark D. Porter and Tristen L. Faith<br><br>　　　Defendants. | Case No. CV13 00702 LEK BMK<br><br>COMPLAINT<br><br>Exhibit A Rental Agreement<br><br>1. FAIR HOUSING ACT IN VIOLATION OF 42 USC § 3601 et seq<br>2. VIOLATION OF HRS CHAPTER 521 LANDLORD-TENANT ACT<br>3. VIOLATION OF HRS CHAPTER 480 UNFAIR TRADE AND DECEPTIVE PRACTICES |

      4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
      5. FRAUD
      6. BREACH OF CONTRACT
      7. BAD FAITH/BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

      JURY TRIAL DEMAND

COMES NOW the PLAINTIFF WILLIAM T. RHODES who submits the following verified complaint as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the claims in the action based on 42 USC § 3601 et seq. Jurisdiction of the fifth claim for relief, "Intentional Infliction of Emotional Distress" is based upon the same fact situation as the violations of the Fair Housing Act statutes and therefore presents a federal question.

2. The unlawful conduct, illegal practices and acts complained of and alleged in this Complaint were all committed in the Federal District of Hawaii and the involved real property is located in the Federal District of Hawaii. Therefore, venue properly lies in this District pursuant to 12 USC §2614 and 28 USC §1391(b).

Comp - 2

## INTRODUCTION

3. This is an action for the violation of the Fair Housing Act 42 USC §1336 et seq., as well as numerous tort and breach of contract claims. Plaintiff is the renter of 41-922 Laumilo Street in Waimanalo, Hawaii.  Defendants' are either agents of the owner or the owners of the property.

Plaintiff, relying on the terms of the rental agreement he signed in August of 2013 invited a guest to share his portion of the premises beginning the night of November 18, 2013.  The guest is disabled per a physician's diagnosis and has a service dog, prescribed by physicians both in Arizona and Hawaii as a service dog.

On Friday, November 22, 2013 Plaintiff spoke via telephone with Defendant Sylvianne Young to inform her he was having a disabled guest stay with him. Defendant Young informed Plaintiff the guest would have to vacate the premises as the other roommates had not agreed to her staying and that the rental agreement denied the right to have guests more than 5 days and that the guest could not keep her service dog on the property, but she could apply to be a renter.

On Sunday November 24th, Defendant Young emailed Plaintiff requesting guest sign a rental application but no dog would be permitted.  On Monday,

Comp -3

November 25th, Plaintiff and Defendant Young again spoke with Defendant Young stating that she would give Plaintiff notice if the dog was not removed. Plaintiff objected but was told by Defendant Young that service dogs of his guest could be and would be excluded from the property. Defendant Young also requested that Plaintiff's guest execute a rental application, but that said application would not be approved as the other tenants did not agree and Defendant Young added that the application would be denied in any case.

On November 26, 2013 following two separate denied requests by Plaintiff to meet, Defendant Young via email informed him the dog could stay but that the guest would need to vacate the premises by December 17th. Defendant Young also requested an additional $880 she identified as a security deposit although the rental agreement Exhibit A states that all deposits are paid and collected prior to rental. Plaintiff entered into the rental agreement on August 13, 2013 and a deposit had not be requested then or in September 2013 or October 2013.

On December 5, 2013 Plaintiff received an invoice for the previously mentioned $880 plus an additional unidentified amount of nearly $3,000. Thereafter, at Plaintiff's request, Defendant Young sent an account showing the entire $2,950.00/mo rental for August, September, November and December 2013 had been paid. On December 15, 2013, Defendant Donald Porter visited the

Comp 4

residence as agent for the Defendant owners and demanded Plaintiff pay $880 immediately or he would have Defendant Young "make life difficult for him". Plaintiff's guest vacated the premises on December 15, 2013.

## THE PARTIES

4. Plaintiff is a renter at 41-922 Laumilo Street, Waimanalo, Hawaii. At all relevant times, Plaintiff is a resident of Waimanalo, Hawaii.

5. Defendant Sylvianne K. L. Young is an agent of the owner of 41-922 Laumilo Street, Waimanalo, Hawaii. At all relevant times, Sylvianne Young is a resident of the State of Hawaii and works at a place of business at 615 Piikoi Street, Penthouse 4, Honolulu, Hawaii 96814.

6. Defendant Young Properties Inc is an agent of the owner of 41-922 Laumilo Street, Waimanalo, Hawaii and has its principal place of business at 615 Piikoi Street, Penthouse 4, Honolulu, Hawaii 96814.

7. Defendant Donald Porter is an agent of the owner of 41-922 Laumilo Street, Waimanalo, Hawaii. Defendant Donald Porter is a resident of the State of Hawaii.

8. Defendants Mark D. Porter and Tristen L. Faith are the recorded owners of 41-922 Laumilo Street, Waimanalo, Hawaii and reside at 85 Circle Drive, Colorado Springs, Colorado 80906

Comp 5

## FACTUAL BACKGROUND AND ALLEGATIONS

9. Plaintiff re-alleges paragraphs 3-8. Defendant Young and Defendant Young Properties LLC did not require Plaintiff to pay a security deposit on August 13, 2013 when he signed the rental agreement (Exhibit A) as the full deposit had already been collected 'in advance' per the terms of the agreement. A prior renter of the space occupied by Plaintiff known as Eric Peter Brekke was also not required to submit a security deposit (see Exhibit A). In October 2013, another tenant, Dan Bezin at 41-922 Laumilo Street was allowed to move his sister and his niece into his portion of the premises for 31 days without objection by Plaintiff or Defendants. Plaintiff was not notified by Defendants of the occupation and was not consulted as to acceptance. Thereafter, without notice to Plaintiff, Defendants rented the premises formerly occupied by Dan Bezin to his sister and his niece. Plaintiff is unaware of the terms of the rental or the financial strength and ability to pay of the new tenant on the joint rental agreement.

Under the terms of the rental agreement (see Exhibit A), Plaintiff is allowed to have guests but must notify Defendants within 5 days and the guest is allowed to stay for 30 days. Defendant Young intentionally misrepresented this provision to Plaintiff and to the other tenants citing permission was required and only 5 days was allowed. This representation was false, intentionally malicious and was

*Comp 6*

published to Plaintiff with the intent to inflict emotional distress and to harass him from permitting his guest to occupy his portion of the premises with her service dog.

10. The rental agreement provides a guest may occupy the premises for 30 days. Defendant Young and Defendant Young Properties LLC denied the 30 provision and shortened it unilaterally to 28 days.

11. Defendants have requested additional monies to actual rent owed. Defendants have asked for $880 of security deposit and slightly over $3,000 as 'previous balance'. Such requests were made subsequent to Plaintiff moving in his disabled guest and her service dog on November 18, 2013. Such requests breach the rental agreement and harass Plaintiff and his guest.

12. Defendants Young and Young Properties LLC denied Plaintiff the right to have a guest with a service dog until Defendant started demanding additional monies in excess of rent. Defendant Young stated the dog was owned by the guest and therefore it was not permitted because plaintiff could not have a dog. The rental agreement (Exhibit A) specifically amended to give the right to Plaintiff to have one dog per terms provided by Defendant Young and was initialed by both Plaintiff and Defendant Young. The exclusion of the service dog violated both the express terms of the rental agreement and the statutory rights of

tenants and their guests to have service dogs. The dog was only permitted when Defendant Young and Defendant Young Properties LLC sought additional security monies, unilaterally shorted the permitted visiting time and denied the guest the right to seek tenant approval.

13. On December 15, 2013 Defendant Porter, as agent of Defendants Mark D. Porter and Tristen L. Faith delivered a threat to Plaintiff that failure to immediately pay $880 would cause Defendant Young to 'make life difficult for you'. This threat was the continuation of the harassment over the guest and her dog, it was said maliciously with the intent to inflict emotional distress.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR HOUSING ACT
### AGAINST ALL DEFENDANTS

14. Plaintiff re-alleges all previous paragraphs, all Defendants violated Plaintiff's rights Under the Fair Housing Act, specifically 42 USC §3604(f)(2)(C) by attempting to restrict access to a service dog to a disabled person, DeeAnna Rose (the guest of Plaintiff) and by initiating untruthful and false accounts of the rental agreement with Plaintiff and his fellow tenants in a effort to harass Plaintiff. Further, Defendants have harassed Plaintiff for monies he does not owe under the rental agreement since the introduction of his guest and service dog. Defendants' acts were intentional and have caused Plaintiff harm by denying him

Comp 8

the right to enjoy peaceful occupation of his residence and denied him the close association of his guest. Defendants' actions to seek monetary damages without contractual support or obligation are evidence of a continued regime of harassment.

The actions of Defendant are the direct and proximate cause of damages to the Plaintiff in the amount of $50,000. The actions of Defendants are so base, contemptible, miserable, and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct and for reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF HRS CHAPTER 521
## LANDLORD TENANT CODE
## ALL DEFENDANTS

15. Defendants by requesting an additional $880 as security deposit over and above the acknowledged sum of $2,900 (see Exhibit A) now exceed the amount under HRS Chapter 521 that a landlord can ask a tenant to provide in security deposit as the security deposit exceeds the rent requested. Plaintiff is

entitled to damages as may be awarded at trial and attorney fees under HRS 521 for landlord's violation of the maximum amount of security deposit demanded.

### THIRD CAUSE OF ACTION
### VIOLATION OF HRS 480
### UNFAIR TRADE AND DECEPTIVE PRACTICES
### ALL DEFENDANTS

16. Defendants have violated HRS 480 by use of deceptive practices such as misrepresenting the actual terms of the lease as to the ability to have guests for up to 30 days, not the 28 allowed by their response to Plaintiff or the 5 days initially cited by Defendant Young. Further, the requests for monies not owed is deceptive. As a result of this wanton disregard and intentional misrepresentation, Plaintiff is entitled to actual damages as are determined at trial, treble damages, punitive damages and attorney's fees.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DEFENDANTS SYLVIANNE YOUNG AND DONALD PORTER

17. Plaintiff re-alleges all previous paragraphs. The action of Defendants Young and Porter as previously set-forth have resulted in the Plaintiff being threatened with loss of quiet enjoyment of his rental premises and the loss of money. These outcomes have been created without any right or privilege on the

part of Defendants Young and Donald Porter, and, as such, their actions constitute outrageous or reckless conduct.  Defendants Young and Donald Porter intentionally, knowingly, and recklessly misrepresented to the Plaintiff that Defendants were entitled to monies from the rental agreement that in fact, the Defendants have no legal right, equitable, or actual beneficial interest in. Defendant Young had no right or privilege to deny Plaintiff's guest access to her service dog, no right to shorten the time of the visit to 28 days or to prohibit her from entering into a rental agreement.

Such conduct was undertaken with the specific intent of inflicting emotional distress on Plaintiff such that he would pay monies not actually owed, abandon the premises and/or not insist on his contractual provision allowing a guest to stay with him for 30 days.  The Plaintiff has suffered actual emotional distress and lack of sleep as a result of Defendant Young and Defendant Donald Porter's actions.  Such actions are the direct and proximate cause of damages to Plaintiff that will be determined at trial.

The conduct of Defendants Young and Donald Porter is so vile, base, contemptible, miserable, wretched and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive

*Compl/*

damages In an amount appropriate to punish Defendant Young and Defendant Donald Porter so as to deter others from engaging in similar conduct.

## FIFTH CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION
## ALL DEFENDANTS

18. Plaintiff re-alleges all previous paragraphs. Defendants knowingly and intentionally misrepresented the guest terms of the rental agreement, the amount owing for security deposit and the amount owing from 'previous balance'. Plaintiff relied on such false information and made arrangements for his guest to vacate the premises prior to the time allowed by contract. As a direct and proximate result, Plaintiff has been damaged in such amounts as shall be proven at the time of trial.

## SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT
## ALL DEFENDANTS

19. Plaintiff re-alleges all previous paragraphs. Defendants breached the rental agreement by unilaterally adding a party-tenant without notice to Plaintiff. Plaintiff knows nothing of the financial capability of the new tenant to pay their fair share of the joint rent at 41-922 Laumilo Street, Waimanalo, Hawaii.

Defendants unilaterally shortened the 30 guest occupancy period to 28 days for Plaintiff's disabled guest. Defendants refused to allow Plaintiff the right

to have a dog contrary to the specific allowance for Plaintiff to have one dog in the rental agreement. Defendants added the additional requirement of a security deposit from Plaintiff four months after Plaintiff executed the rental agreement that by its own terms stated all security deposits had been fully paid "in advance".

Plaintiff has been damaged in an amount determined at trial for the aforementioned breaches and Plaintiff is entitled per the terms of the rental agreement for attorney's fees to enforce the rental agreement.

## SEVENTH CAUSE OF ACTION
## BAD FAITH/BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
## ALL DEFENDANTS

20. Plaintiff re-alleges all previous paragraphs. Defendants and their agent Defendants failed to deal with Plaintiff in good faith and in a fair manner by making various misrepresentations of material facts, unilaterally changing terms and parties in the rental agreement. The wrongful acts of Defendants are a substantial factor and/or the proximate cause of Plaintiff suffering various injuries and damages. Plaintiff is entitled to various remedies including, but not limited to, rescission, reimbursement, equitable recoupment, indemnification, damages (statutory, actual, and treble damages, attorney's fees and cost and injunctive relief.

WHEREFORE, Plaintiff prays for judgment to be entered on all causes of action as follows:

A. For all damages to which Plaintiff is entitled including $50,000 for violations of the Fair Housing Act, general damages and other damages proven at trial and

B. Treble damages for violation of HRS 480, and

C. For damages for the intentional infliction of emotional distress from Defendant Young and Defendant Porter, and

D. For punitive damages. and

E. For appropriate equitable and injunctive relief, and

F. For attorney's fees, costs and disbursements, and

G. For such other and further relief as is appropriate.

JURY TRIAL REQUESTED

The total amount of damages prayed for exceeds to jurisdictional threshold of this Court.

Dated: December 19, 2013, Honolulu, Hawaii

*[signature: William T Rhodes]*

William T. Rhodes

Plaintiff, *pro se*

*Comp 14*