IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM T. RHODES, | ) | Civ. No. 13-00702 LEK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT |
| SYLVIANNE YOUNG, ET AL., | ) | PREPAYMENT OF FEES |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

On December 19, 2013, Plaintiff William T. Rhodes, proceeding *pro se*, commenced this action and filed an Application To Proceed Without Prepaying Fees or Costs.  (Doc. 8.)  In his Application, Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP").  As discussed below, the Court finds and recommends that Plaintiff's Application be DENIED.

On December 27, 2013, after reviewing Plaintiff's Application, the Court issued an Order Regarding Plaintiff's Application to Proceed Without Prepayment of Fees. (Doc. 10.)  In that Order, the Court noted that Plaintiff's annual income exceeded the income level authorized for IFP status and offered Plaintiff an opportunity to explain his income.  The deadline for Plaintiff to provide this explanation to the Court was January 23, 2014.  (Id.)  Plaintiff has not

provided this Court with further information. Thus, the Court must determine whether he qualifies for IFP status based solely on his original Application.

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot, because of his poverty, 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948).

In determining IFP status, the Court is guided by whether Plaintiff's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") 2013 Poverty Guidelines, which apply to Plaintiff's Application, indicate that the poverty threshold for a single individual in Hawaii is $13,230. Annual Update of the HHS Poverty Guidelines, 78 Fed. Reg. 5182-01 (Jan. 24, 2013).

Plaintiff has indicated that he has no dependents and must therefore make less than $13,230 in yearly income to qualify for IFP status. (IFP Application ¶ 7.) In the past 12 months, he received $24,000 in business consulting receipts and $400 in gifts, for a total of $24,400. (Id. ¶ 3.) This annual income well exceeds the poverty threshold in Hawaii for a single person

household.  As a result, the Court finds that Plaintiff does not qualify for *in forma pauperis* status under 28 U.S.C. § 1915.

The Court recommends that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (Doc. 8) be DENIED.  Plaintiff shall remit the appropriate filing fee by **February 14, 2014**.  Failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 29, 2014.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Rhodes v. Young, et al.; CV. NO. 13-00702 LEK-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES.