IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM T. RHODES, | ) | CIVIL 13-00702 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SYLVIANNE YOUNG, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER REJECTING THE MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT
<u>PREPAYMENT OF FEES IN LIGHT OF NEWLY AVAILABLE INFORMATION</u>**

On December 19, 2013, pro se Plaintiff William T. Rhodes ("Plaintiff") filed his Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 8.] The application states that, in the past twelve months, Plaintiff received "Business consulting receipts" of $24,000 and "gifts" of $400. [Application at 1.]

On December 27, 2013, the magistrate judge issued an order directing Plaintiff to provide further information regarding the business consulting receipts ("12/27/13 Order"). [Dkt. no. 10.] The magistrate noted that Plaintiff does not have any dependents, and therefore Plaintiff must receive an income of less than $13,230 per year to qualify for *in forma pauperis* ("IFP") status because that is the poverty threshold for a

single-person household in Hawai`i.  [12/27/13 Order at 2 (citing Annual Update of the Department of Health & Human Services Poverty Guidelines, 78 Fed. Reg. 5182-01 (Jan. 24, 2013)).]

Plaintiff's submission was due on January 23, 2014. Plaintiff, however, did not respond to the 12/27/13 Order by that date, and the magistrate judge issued his Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees on January 29, 2014 ("F&R").  [Dkt. no. 11.] Noting Plaintiff's failure to provide the additional information required by the 12/27/13 Order, the magistrate judge found that Plaintiff's reported annual income of $24,400 exceeded the poverty threshold for a single-person household in Hawai`i.  The magistrate judge therefore found that Plaintiff was not eligible for IFP status pursuant to 28 U.S.C. § 1915 and recommended that this Court deny Plaintiff's Application.

Plaintiff filed a document titled "Plaintiff's Explanation of Yearly Income" on February 3, 2014 ("2/3/14 Explanation").  [Dkt. no. 12.]  The 2/3/14 Explanation states that Plaintiff received an average of $2,000 in monthly business consulting income, and he received the last payment in November 2013.  [2/3/14 Explanation at 1.]  Further, after various business expenses, such as office rent and the office telephone bill, he had "income of $9,720" for the twelve-month period before he filed the Application.  [Id. at 1-2.]

**DISCUSSION**

I.  **Plaintiff's February 3, 2014 Submission**

At the outset, this Court emphasizes that the magistrate judge gave Plaintiff the opportunity to provide the information Plaintiff included in the 2/3/14 Explanation before the magistrate judge issued the F&R. Plaintiff, however, filed the 2/3/14 Explanation ten days after the January 23, 2014 deadline. Although Plaintiff's 2/3/14 Explanation was untimely, in light of Plaintiff's pro se status and because the delay did not prejudice any other party to this action, this Court will consider Plaintiff's 2/3/14 Explanation as his objections to the magistrate judge's F&R. This Court, however, REMINDS Plaintiff that his pro se status does not excuse him from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citations omitted)), *overruled on other grounds*, Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. 2012) (en banc). This Court CAUTIONS Plaintiff that any future failure to comply with the rules of court or with court-ordered deadlines may result in sanctions, including the possible dismissal of Plaintiff's case.

3

## II. **Plaintiff's Eligibility for IFP Status**

This Court agrees with the magistrate judge that:

> A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot, because of his poverty, 'pay or give security for the costs and still be able to provide' himself and dependents 'with the necessities of life.'" Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948).

[F&R at 2 (alteration in F&R).] This Court also agrees with the magistrate judge that Plaintiff would be ineligible for IFP status if his income exceeds the poverty threshold for a single-person household in Hawai`i.

Plaintiff's 2/3/14 Explanation establishes that the $24,000 in annual income reported on the Application is actually business income, the majority of which was spent on business expenses. Based on the 2/3/14 Explanation, this Court finds that only $9,720 of the business income is attributable to Plaintiff individually as income.

Insofar as Plaintiff filed his Complaint in his personal capacity and Plaintiff's claims relate to residential rental disputes, this Court will not consider the income attributable to Plaintiff's business in determining whether Plaintiff is eligible for IFP status in this case. Plaintiff's annual income, consisting of $9,720 from the business and $400 in gifts, is below the poverty threshold for a one-person household

4

in Hawai`i.  This Court therefore FINDS that Plaintiff qualifies for IFP status pursuant to § 1915.

## CONCLUSION

In light of the additional information in Plaintiff's 2/3/14 Explanation, which was not available to the magistrate judge, this Court REJECTS the magistrate judge's Findings and Recommendation to Deny Plaintiff's Application to Proceed Without Prepayment of Fees, filed January 29, 2014.  Further, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed December 19, 2014, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 24, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WILLIAM T. RHODES VS. SYLVIANNE YOUNG, ET AL.; CIVIL 13-00702 LEK-BMK; ORDER REJECTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES IN LIGHT OF NEWLY AVAILABLE INFORMATION**